1   **ROBERT M. VANTRESS, ESQ. (SBN 106442)**
    **RVantress@Vantresslaw.com**
2   **4820 Harwood Rd., Second Floor**
    **San Jose, CA 95124**
3   **(408) 905-6501 Telephone**
    **(408) 583-4000 Facsimile**
4
    **Attorneys for Defendants**
5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN JOSE DIVISION**

11

12  **YAHOO! INC.,**                  )    **Case No. 3:09-CV-03528 PJH**
                                       )
13                    **Plaintiff,**   )    **ANSWER TO COMPLAINT FOR**
                                       )    **CYBERSQUATTING,**
14  **v.**                            )    **TRADEMARK INFRINGEMENT,**
                                       )    **FALSE DESIGNATION OF**
15  **ASHANTIPLC LIMITED, ALIZA**     )    **ORIGIN, DILUTION, AND UNFAIR**
    **SARID, AND KISHOE BHAVNANIE,**  )    **COMPETITION AND**
16                                     )    **COUNTERCLAIMS**
                      **Defendants.**  )
17  _____)    **JURY TRIAL DEMANDED**

18

19       Defendants ASHANTIPLC LIMITED, a limited liability company, KISHORE

20  BHAVNANIE, erroneously named as "Kishoe," and ALIZA SARID ("Defendants")

21  hereby answer, respond, and counterclaim to the complaint as follows:

22                            **ANSWER**

23       The following averments and facts are hereby incorporated into each of the

24  following admissions below as though fully set forth therein.

25       1.    The Internet community and domain name registration services have, for

26  years, adopted and followed rules allowing the first to register a domain name the right

27  to keep and use or transfer that domain name to others, and this has created value in

28  domain names.  This basic fact has created a substantial and legitimate business in

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

1   owning, selling, trading, or exploiting domain names which do not infringe the rights

2   of others and there are many thousands of domain names held, bought and sold

3   because of the marketing opportunities available to the registrant-owner of the domain

4   name.  There are numerous tribunals which oversee disputes over ownership interests

5   of domain names such as the UDRP, but Plaintiff has chosen to forgo such resolution.

6   The UDRP has, naturally, ruled that owning even thousands of domain names is a

7   perfectly legitimate business.

8        2.      Because these domain names can be very valuable, some of them sell for

9   very high prices.  For example, Bank of America paid $3 million in 2000 for

10  www.loans.com.  In February, 2009, www.toys.com sold for $5.1 million at auction.

11  In May, 2009, www.candy.com sold for $3 million. Escom LLC recently bought

12  www.sex.com in a multi-million dollar purchase.  InterchangeUSA.com bought the

13  www.local.com domain for $700,000 recently.  The domain www.brown.com sold for

14  $300,000 Consultants such as Dan Warner have emerged to advise investors on the

15  investment potential and market trends in this industry.  Jordan Rohan of RBC Capital

16  Markets and Doug Burke of PageMill Partners are also industry investor analysts for

17  this business.  Companies such as Marchex invested many millions of dollars buying

18  domain name portfolios last year. Some websites, such as www.fabulous.com  have

19  done exhaustive research on millions of domain names over the past four years

20  (including the more than 500,000 names in their own portfolio).  Contrary to the

21  allegations in the Complaint, there is a legitimate business in buying and selling and

22  advising or brokering domain names.

23       3.      Plaintiff has engaged in this business.  It recently purchased the domain

24  name www.OMG.com (Oh My God) for $80,000.  It sold www.yoyo.com to

25  Defendant Ashantiplc in 2004 for $55,000, the same price that Ashantiplc paid when it

26  purchased the subject domain name, www.flicker.com.

27       4.      Eight years ago Sahar Sarid, his mother Defendant Aliza Sarid and sister

28  decided to become entrepreneurs and get into this domain name business shortly after

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

ANSWER TO COMPLAINT AND COUNTERCLAIMS          Case No. 3:09-CV-03528 PJH

they came to the United States from Israel and formed Defendant Ashanticplc with Defendant Bhavnanie.  They, like many others, had read in 1999 that the domain name www.business.com had sold for $7.5 million when the buyer had paid "only" $150,000 to acquire it.  They soon started brokering generic or other legally available domain names and researching other ways to make money from these names, and soon brokered the sale of www.candy.com for $108,000, then thought to be a very high price before it later resold recently for $3 Million.

5.    The disputed domain name and URL www.flicker.com was launched on May 07, 1998 and registered as a domain name on July 5, 1998, and used more than five years before "FLICK'R" was conceived in 2004.  Co-founders of the "flickr" site Stewart and Catrina Butterfield say they started "flickr" as a photo sharing website and chose that name because www.flicker.com was already taken by Defendants' predecessors.  Plaintiff's predecessors have stated publicly that they were happy that they didn't get www.flicker.com. Defendants are informed and believe that Plaintiff or its predecessors were aware of this use because they chose the name "FLICK'R" because www.flicker.com was not available, as Defendants' predecessors had already registered that domain name on The Internet.  Plaintiff's predecessors's date of claimed first use is February 24, 2004, years after Defendants adopted it.  Plaintiff failed to disclose this use in Plaintiff's application for U.S. Trademark Registration for the FLICKR mark, which later became registered with the United States Patent and Trademark Office ("PTO") (Reg. No. 3,455,275 issued June 24, 2008; filed May 10, 2005).

6.    The domain name "flicker" is a common dictionary word and is a well-known generic term with several different meanings.  It means: (1)  to move irregularly or unsteadily; (2) to burn or shine fitfully or with a fluctuating light; (3) to appear briefly.   The word flicker evokes scenarios associated with light and photography and suggests movie projectors and old movies, or the light that "flickers" on a camera before the flash to prevent red eye, or a bunch of flashbulbs going off at

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

ANSWER TO COMPLAINT AND COUNTERCLAIMS          Case No. 3:09-CV-03528 PJH

1    once, like what you see near the red carpet at the Academy Awards, or flames.  The

2    term "flick'r" is not arbitrary, or coined, or distinctive.  Plaintiff claimed use of the

3    FLICKR mark only in connection with "a photo-sharing website accessed by Internet

4    users worldwide."  If it is not generic, it is merely descriptive.  The founders of the

5    "flick'r website have admitted: "It's [flickr] a little more distinctive than a generic

6    name."  Thus, the value of the domain name www.flicker.com comes not from

7    Plaintiff's use of its mark, but from its inherent social meaning.

8              7.      The original registrant of www.flicker.com did not register or use the

9    domain name in bad faith, or with the intent to sell it to Plaintiff, or to disrupt

10   Plaintiff's business, to prevent Plaintiff from registering any lawful trademark, or to

11   confuse consumers. The domain name "flicker" was registered in good faith and for

12   legitimate purposes in connection with a bone fide offering of goods or services.  The

13   same is true of Defendant Ashantiplc when it acquired it in 2006 in an auction.

14   Defendants are informed and believe that when the original registrant registered the

15   domain name www.flicker.com, they must have believed, and had reasonable grounds

16   to believe, that their registration and use of it was lawful because the "flick'r" website

17   did not exist at the time www.flicker.com was registered.  Defendants' predecessors

18   thus could not have had any actual or constructive knowledge of Plaintiff (or its

19   predecessor's) use.

20             8.      Defendant Ashantiplc had knowledge of Plaintiff's use in 2006 when it

21   acquired the domain, but that knowledge was limited to the use Plaintiff had made of it

22   - for photo sharing only.   Defendant Ashantiplc bought the disputed domain name

23   from the original registrant for $55,000 in 2006 and bought it not to sell it to Plaintiff

24   but to use it to promote its goods and services and for redirecting traffic to a website in

25   order to make money from that site as a legitimate use, and for other legitimate

26   purposes.  Defendants have been for years in the business of hosting, buying and

27   selling generic or near-generic domain names, or related services, and/or using such

28   domain names for other legitimate purposes.  Defendants have not engaged in a prior

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

**ANSWER TO COMPLAINT AND COUNTERCLAIMS        Case No. 3:09-CV-03528 PJH**

1   pattern of conduct of registration or acquisition of multiple domain names which any

2   of them knew were identical or confusingly similar to protectable trademarks or

3   famous trademarks.  In fact there is a pattern of many acquisitions and sales of generic

4   or nearly generic names, demonstrating that Defendants are in this business for

5   legitimate purposes, not to "cybersquat" on another trademark owner's legitimate

6   rights.  Of the relatively few acquisitions by Ashantiplc which resulted in disputes with

7   over-aggressive trademark owners, Defendants have won all of them.  No Court or

8   WIPO or other domain name dispute tribunal has ever found defendants to have acted

9   in violation of any purported rights of any trademark owner. In 2007, Defendants had

10  received an offer to sell www.flicker.com for $700,000 and declined it, choosing to

11  hold it and sell it later or "monetize it."

12        9.     Plaintiff's claimed use is limited to on-line or web-based photo-sharing.

13  Plaintiff competes with Google's "Picasa" photo-sharing website.  Plaintiff's

14  trademark registration claims use in Class 9 for "Computer software for use in

15  database management; computer software for uploading, manipulating, and enhancing

16  digital content, documents, photographs, images, video, and audio; computer software

17  for linking metadata tags with photographic and other media files to enable search

18  engine retrieval and database software collections of files and their on-line sharing, and

19  for linking metadata tags with web pages visited, to create links which users can

20  maintain for themselves and share with on-line groups and website tagging," Class 38

21  for "Communication services by electronic computer terminals and cell phones;

22  telecommunication services by e-mail electronic mail services; electronic transmission

23  of messages, images, and via computer terminals and cell phones; providing online

24  forums for discussion and electronic bulletin/message boards for transmission of

25  messages among users in the field of general interest; providing on-line electronic

26  bulletin boards for transmission of messages among computer users concerning

27  personal photographs," Class 39 for "Electronic storage of digital content including

28  text, photographs, images, video, and audio," Class 40 for "Digital enhancement of

**Vantress**
**Law Group**
**4820 Harwood Rd.**
**2d Floor**
**San Jose, CA 95124**
**(408) 905-6501**

Page 5

**ANSWER TO COMPLAINT AND COUNTERCLAIMS**      **Case No. 3:09-CV-03528 PJH**

1  photographs; alteration and/or retouching of photographic images" and Class 41 for

2  "Online journals, namely, blogs concerning topics of general interest to the blogger;

3  photography services; providing information in the field of photography."

4        10.    Defendants use www.flicker.com for a variety of purposes not related to

5  the photo sharing or digital photo hosting business.  Plaintiff has never used its

6  trademark in connection with sales of photo equipment sales before defendants did.

7  Defendants have never used www.flicker.com or any related or linked website to sell

8  or market website photo sharing or hosting services.  Plaintiff's ownership rights, if

9  any, in "flick'r," extends only to uses for uploading and sharing of photographic

10  images; not for all uses in all contexts relating to photography. See *Primedia Special*

11  *Interest Publications v. Treadway*, WIPO Case No: D2000-0752 (Prior user of

12  SHUTTERBUG Magazine not entitled to enjoin use of "shutterbug.com" as a website

13  focusing on the needs of hobbyists, amateur photographers and photography

14  enthusiasts.)

15        11.    Defendants admit each of the allegations contained in Paragraphs 1, 33,

16  38, 55-58, inclusive, of Plaintiff's Complaint, and incorporate the averments in ¶¶ 1-10,

17  inclusive.

18        10.    With respect to Paragraph 7 of Plaintiff's Complaint, Defendants admit

19  that this Court has subject matter jurisdiction over this action, that a place of

20  Ashantiplc's business is in Hong Kong, that Sarid and Bhavnanie are individuals

21  sometimes in Florida, and that this Court has supplemental jurisdiction of this claim

22  pursuant to 28 U.S.C. § 1367, and incorporate the averments in ¶¶ 1-10 of the Answer,

23  inclusive.  Defendants are without knowledge and information sufficient to form a

24  belief as to the truth or falsity of the allegation regarding Plaintiff's state of

25  incorporation and principal place of business. Except as expressly admitted,

26  Defendants deny the remaining allegations contained in said Paragraph.

27        11.    With respect to Paragraph 32 of Plaintiff's Complaint, Defendants admit

28  that for several years, Defendant Ashantiplc has been in the business of registering,

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

**ANSWER TO COMPLAINT AND COUNTERCLAIMS**      **Case No. 3:09-CV-03528 PJH**

1   buying, and selling available generic and near generic domain names for profit, that

2   Sahar Sarid has received recognition that he is a domain business expert and has a blog

3   devoted to domain-name related issues at the domain name CONCEPTUALIST.COM,

4   and that Defendant Bhavnanie has experience and knowledge about domain names and

5   that printouts from the blog speak for themselves and appear to be attached as Exhibit

6   4, and incorporate the averments in ¶¶ 1-10 of the Answer, inclusive.  Except as

7   expressly admitted, Defendants deny the remaining allegations contained in said

8   Paragraph.

9        12.    With respect to Paragraph 34 of Plaintiff's Complaint, Defendants admit

10  that In July 2006, Defendant Ashantiplc purchased the FLICKER.COM domain name

11  in an eBay auction from E.K. Kern of Royersford, Pennsylvania and paid

12  approximately $55,000 for the FLICKER.COM domain name, and registered it shortly

13  thereafter under the registrant name "Ashantiplc" through GoDaddy.com and that

14  Defendants knew when Ashantiplc acquired the FLICKER.COM domain name that

15  www.flick'r.com was being used as a photo-sharing and hosting website, and

16  incorporate the averments in ¶¶ 1-10 of the Answer, inclusive.  Except as expressly

17  admitted, Defendants deny the remaining allegations contained in said Paragraph.

18       13.    With respect to Paragraph 37 of Plaintiff's Complaint, Defendants admit

19  that in or around 2006 Defendant Ashantiplc moved its domain names, including the

20  FLICKER.COM domain name from GoDaddy.com to the registrar Moniker and

21  purchased Moniker's private registration service, and incorporate the averments in ¶¶

22  1-10 of the Answer, inclusive.  Except as expressly admitted, Defendants deny the

23  remaining allegations contained in said Paragraph.

24       14.    With respect to Paragraph 39 of Plaintiff's Complaint, Defendants admit

25  that in or around 2008, Defendant Ashantiplc moved its domain names, including the

26  FLICKER.COM domain name, this time from Moniker to Backslap Domains and that

27  Defendant Ashantiplc purchased Backslap's private registration service, and

28

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

Page 7
**ANSWER TO COMPLAINT AND COUNTERCLAIMS          Case No. 3:09-CV-03528 PJH**

1  incorporate the averments in ¶¶ 1-10 of the Answer, inclusive.  Except as expressly

2  admitted, Defendants deny the remaining allegations contained in said Paragraph.

3      15.    With respect to Paragraph 40 of Plaintiff's Complaint, Defendants admit

4  that in June 2009, Defendant Ashantiplc was displaying links to photography

5  equipment sales sites on the FLICKER.COM website for Adorama Camera, Ritz

6  Camera, and B&H Photo, which companies sell cameras and other professional or pro-

7  consumer photography supplies, but do not compete with Plaintiff and that a printout

8  of this website, a screen shot of this website, and a printout of the source code for this

9  website appear to be attached as Exhibit 6, and incorporate the averments in ¶¶ 1-10 of

10  the Answer, inclusive.  Except as expressly admitted, Defendants deny the remaining

11  allegations contained in said Paragraph.

12      16.    With respect to Paragraph 41 of Plaintiff's Complaint, Defendants admit

13  that the FLICKER.COM website has used shortened links to certain advertisers'

14  websites provided by Bit.ly and that the Bit.ly website posts information for its URLs

15  that can be publicly accessed, including the number of times a link was clicked, the

16  time frame for the clicks, and the geographic location of the Internet users who clicked

17  on the Bit.ly link and that printouts that appear to be from the Bit.ly website speak for

18  themselves, and incorporate the averments in ¶¶ 1-10 of the Answer, inclusive.  Except

19  as expressly admitted, Defendants deny the remaining allegations contained in said

20  Paragraph.

21      17.    With respect to Paragraph 42 of Plaintiff's Complaint, Defendants admit

22  that the Bit.ly links for Adorama Camera, Ritz Camera, and B&H Photo on the

23  FLICKER.COM website began in June 2009, and a number of Internet users clicked

24  on the links and that the exhibit speaks for itself, and incorporate the averments in ¶¶

25  1-10 of the Answer, inclusive.

26      18.    With respect to Paragraph 43 of Plaintiff's Complaint, Defendants admit

27  that the website at the domain name FLICKER.COM has also displayed traffic

28  statistics and that the exhibit speaks for itself, and incorporate the averments in ¶¶ 1-10

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

**ANSWER TO COMPLAINT AND COUNTERCLAIMS          Case No. 3:09-CV-03528 PJH**

1  of the Answer, inclusive.  Except as expressly admitted, Defendants deny the

2  remaining allegations contained in said Paragraph.

3       19.    With respect to Paragraph 44 of Plaintiff's Complaint, Defendants admit

4  that the website at the domain name FLICKER.COM has provided certain financial

5  information regarding advertising on the website and that the exhibit speaks for itself

6  and that in June 2009 it stated that "CPC Keyword Values" for photography equipment

7  ranged from $2.50 to $3.00 per click, and that "Daily Value to Advertisers" ranged

8  from $2,700 - $63,300, and incorporate the averments in ¶¶ 1-10 of the Answer,

9  inclusive.  Defendants also aver that defendants have not received any revenues from

10  the FLICKER.COM domain name and website.  Except as expressly admitted,

11  Defendants deny the remaining allegations contained in said Paragraph.

12       20.    With respect to Paragraph 45 of Plaintiff's Complaint, Defendants admit

13  that in the source code of the FLICKER.COM website, the meta data for the website

14  includes the text "Flicker is down for maintenance and we will be back shortly" and

15  that such description for the website can possibly appear in search results when the

16  term FLICKER.COM is searched via search engines and that Internet users searching

17  for the FLICKER website under certain circumstances could receive such result that

18  the FLICKER website is down for maintenance when, in fact, the FLICKR site is not

19  down for maintenance, and incorporate the averments in ¶¶ 1-10 of the Answer,

20  inclusive.  Except as expressly admitted, Defendants deny the remaining allegations

21  contained in said Paragraph.

22       21.    With respect to Paragraph 47 of Plaintiff's Complaint, Defendants admit

23  that in June 2009, Defendant Ashantiplc created an account at the popular

24  social-messaging website Twitter using the name FLICKERDOTCOM and the ID

25  WWW.FLICKER.COM, and began posting messages on June 15, 2009 about the

26  FLICKER.COM website and that some of these Twitter postings speak for themselves

27  and identified the FLICKER.COM website as providing links to certain professional or

28  proconsumer photography equipment websites and promoted such sites, and that

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

ANSWER TO COMPLAINT AND COUNTERCLAIMS          Case No. 3:09-CV-03528 PJH

1   Defendant Ashantiplc solicited additional photography equipment advertisers for the

2   website as well as other advertisers, and incorporate the averments in ¶¶ 1-10 of the

3   Answer, inclusive.  Except as expressly admitted, Defendants deny the remaining

4   allegations contained in said Paragraph.

5       22.   With respect to Paragraph 48 of Plaintiff's Complaint, Defendants admit

6   that the Twitter postings speak for themselves but reference photography equipment in

7   relation to the FLICKER.COM website and identified the FLICKER.COM website as

8   a place for photography equipment such as Canon, Nikon, B&H and Adorama on June

9   16, 2009 and that other copies of some of these posts are identified and that copies of

10  website printouts of some of the these posts are attached as Exhibit 10, and incorporate

11  the averments in ¶¶ 1-10 of the Answer, inclusive.  Except as expressly admitted,

12  Defendants deny the remaining allegations contained in said Paragraph.

13      23.   With respect to Paragraph 49 of Plaintiff's Complaint, Defendants admit

14  that the Twitter postings speak for themselves but seek photography equipment

15  advertising in relation to the FLICKER.COM website, and incorporate the averments

16  in ¶¶ 1-10 of the Answer, inclusive.  Except as expressly admitted, Defendants deny

17  the remaining allegations contained in said Paragraph.

18      24.   With respect to Paragraph 50 of Plaintiff's Complaint, Defendants admit

19  that the Twitter postings speak for themselves, and incorporate the averments in ¶¶ 1-

20  10 of the Answer, inclusive.  Except as expressly admitted, Defendants deny the

21  remaining allegations contained in said Paragraph.

22      25.   With respect to Paragraph 51 of Plaintiff's Complaint, Defendants admit

23  that the Twitter postings speak for themselves, and incorporate the averments in ¶¶ 1-

24  10 of the Answer, inclusive.  Except as expressly admitted, Defendants deny the

25  remaining allegations contained in said Paragraph.

26      26.   With respect to Paragraph 52 of Plaintiff's Complaint, Defendants admit

27  that the Twitter postings speak for themselves, and incorporate the averments in ¶¶ 1-

28

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

ANSWER TO COMPLAINT AND COUNTERCLAIMS        Case No. 3:09-CV-03528 PJH

1  10 of the Answer, inclusive.  Except as expressly admitted, Defendants deny the

2  remaining allegations contained in said Paragraph.

3       27.    Defendants are without knowledge and information sufficient to form a

4  belief as to the truth or falsity of the allegations contained in ¶¶ 3, 10-25, 27-31 and 46,

5  inclusive, of Plaintiff's Complaint, and therefore deny same, leaving Plaintiff to strict

6  proof thereof.

7       28.    Defendants deny each of the allegations contained in ¶¶ 2, 4-6, 8-9, 26,

8  35-36, 53-54, 59-63, 65-78, 80-82, 84-86, 88-91, 93-97, 99-101, 103-105, inclusive,

9  and any other Paragraph not specifically admitted or otherwise responded to in this

10  Answer to Plaintiff's Complaint.

11       29.    Defendants repeat and reallege each and every response to ¶¶ 64, 79, 83,

12  87, 92, 98 and 102, inclusive, of Plaintiff's Complaint as though fully set forth at

13  length herein.

14  **AFFIRMATIVE DEFENSES**

15       The facts stated in the body of the answer, including the averments in ¶¶ 1-10,

16  inclusive, are hereby incorporated into each of the following paragraphs by this

17  reference as though fully set forth therein.

18       1.    The claims for relief fail to state a claim upon which relief may be

19  granted.

20       2.    This Court lacks personal jurisdiction over Defendants, although

21  defendants do not contest that the Court has subject matter jurisdiction over this

22  dispute.

23       3.    This Court is not the proper venue for this action.

24       4.    The domain name "flicker" is a common dictionary word and is a

25  well-known generic term with several different meanings.  If it is not generic, it is

26  merely descriptive.

27       5.    The value of the domain name www.flicker.com comes from its inherent

28  social meaning, not identification which is derived exclusively from the alleged fame

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

1 of Plaintiff's alleged  trademark.  The original registrant did not register or use the

2 domain name www.flicker.com in bad faith, or with the intent to sell it to Plaintiff, to

3 disrupt Plaintiff's business, to prevent Plaintiff from registering any lawful trademark,

4 or to confuse consumers, nor did Defendants. The domain name "flicker" was

5 registered in good faith and for legitimate purposes in connection with a bone fide

6 offering of goods or services.

7      6.    When Defendants and their predecessor registered or acquired the domain

8 name www.flicker.com, they believed, and had reasonable grounds to believe, that

9 their registration and use of it was lawful.

10      7.    Defendants have not engaged in a prior pattern of conduct of registration

11 or acquisition of multiple domain names which any of them knew were identical or

12 confusingly similar to famous trademarks. In fact there is a pattern of many

13 acquisitions and sales of generic or nearly generic names, none of which have been

14 determined to be in bad faith or in violation of another's rights.

15      8.    Defendant Ashantiplc bought the disputed domain name from the

16 original registrant for $55,000 in 2006 and bought it not to sell it to Plaintiff but to use

17 it to promote its goods and services and for redirecting traffic to a website in order to

18 make money from that site is a legitimate use or for other legitimate purposes.

19      9.    Defendants use www.flicker.com for a variety of purposes not related to

20 the photo sharing or digital photo hosting business.  Plaintiff did not use its trademark

21 in connection with photo equipment sales before defendants did.  Defendants have

22 never used www.flicker.com or any related or linked website to sell or market website

23 photo sharing or hosting services.

24      10.   "Flick'r" is not protectable for any goods or services without a showing of

25 secondary meaning as to those goods and services; and Plaintiff can not establish a

26 secondary meaning with respect to the goods and services associated with "Flick'r."

27      11.   Plaintiff does not, and has never had, exclusive use of the name or word

28 "flick'r" or "flicker."  There are numerous third party uses of such names and/or

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

ANSWER TO COMPLAINT AND COUNTERCLAIMS    Case No. 3:09-CV-03528 PJH

1  words.  Plaintiff's trademark is either totally unprotectable or is weak, entitled only to

2  a very narrow scope of protection.

3      12.    To the extent that www.flicker.com is entitled to ownership or protection

4  as a trademark, Defendant Ashantiplc owns it, and, as such, its ownership establishes

5  defendants' rights and legitimate interests.

6      13.    Plaintiff is not the actual owner of the marks alleged.  Plaintiff's

7  trademark registration is subject to cancellation.

8      14.    Plaintiff's trademark registration is not proof of distinctiveness, and

9  Plaintiff's alleged trademark is not distinctive.

10     15.    Plaintiff's trademark "flick'r" was never famous and was not famous at

11 the time when defendants and/or their predecessor registered or acquired the domain

12 name www.flicker.com.

13     16.    Plaintiff's alleged mark "flick'r," if ever famous, did not become famous

14 until after Defendants or their predecessor commenced use of the "flicker" term for its

15 goods and services.

16     17.    Plaintiff's alleged "flick'r" mark has already been diluted by other factors,

17 not by Defendants' use, and entitled to little or no protection under the trademark and

18 unfair competition laws and no protection under dilution laws.

19     18.    Defendants and their predecessors have placed a disclaimer on the

20 disputed website as a means of or clearly showing visitors to the site that Plaintiff and

21 Defendants' websites are not related, so as to avoid any likelihood of confusion.  Such

22 disclaimer also demonstrates Defendants' good faith and lack of intent to infringe or

23 dilute Plaintiff's legitimate interests.

24     19.    Neither defendants nor their predecessors "willfully intended to trade on

25 the owner's reputation or to cause dilution of the famous mark."  If Plaintiff is entitled

26 to any relief at all, such relief is limited to injunctive relief only and Plaintiff is snot

27 entitled to the remedies set forth in Lanham Act §§ 35(a) and 36 (15 U.S.C. §

28 §1117(a), 1118).

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

Page 13
ANSWER TO COMPLAINT AND COUNTERCLAIMS        Case No. 3:09-CV-03528 PJH

20.    Defendants had a legitimate reason to register the domain name other than to sell it back to the trademark owner for a profit.

21.    Defendants have not engaged in "transactions" (i.e., sales, purchases, loans, pledges, licenses, exchanges of currency, or any other transfer for payment) with respect to the domain name www.flicker.com.

22.    Neither Defendants nor their predecessors intended to divert consumers from Plaintiff's online location to a site accessible under the domain name that could possibly harm the goodwill represented by Plaintiff's alleged trademark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.  There is no actual harm being suffered by Plaintiff as a result of Defendants' use.

23.    Neither Defendants nor their predecessors provided material and misleading false contact information when applying for the registration of the disputed domain name.

24.    Defendants did not offer to transfer, sell, or otherwise assign the domain name www.flicker.com to Plaintiff.  Defendants offered the domain for sale to anyone, and has received many offers to purchase, none of which Defendants have accepted. Even if Defendants are claimed to have made such an offer, such offer would have been in response to Plaintiff's offer.  Plaintiff first approached Defendants about acquiring the disputed domain name.  Any conduct of Defendants even remotely claimed to constitute an offer to sell to Plaintiff was thus caused by Plaintiff and Plaintiff has unclean hands in this matter., waived, consented or acquiesced in Defendants' conduct in this regard, and Plaintiff is estopped from complaining about it or seeking to use it as evidence.  Any such conduct is also inadmissible as evidence and it was made in the context of settlement discussions.

25.    Defendants did not offer to transfer, sell, or otherwise assign the domain name www.flicker.com to Plaintiff or any third party for financial gain without having

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

Page 14
ANSWER TO COMPLAINT AND COUNTERCLAIMS          Case No. 3:09-CV-03528 PJH

1  used, or having an intent to use, the domain name in the bona fide offering of any

2  goods or services.

3     26.   The goods and services of Defendants are different from the goods and/or

4  services of Plaintiff

5     27.   Defendants' website www.flicker.com does not compete with Plaintiff's

6  products or services.

7     28.   Defendant's domain name and use of that domain name is not identical or

8  confusingly similar to Plaintiff's alleged trademark.

9     29.   Plaintiffs' claims are barred in that Defendants' use of the term "flicker"

10  are non-infringing.

11     30.   Defendants' domain name and use of that domain name is not dilutive of

12  Plaintiff's alleged trademark.

13     31.   Defendants' use of the website www.flicker.com is protected by free

14  speech

15     32.   Defendants' use of the website www.flicker.com is protected by fair use.

16     33.   Plaintiff's claims are barred under the doctrine of laches.

17     34.   Plaintiff acquiesced in the use of www.flicker.com knowing of its use by

18  Defendants or their predecessors.

19     35.   Plaintiff abandoned all rights in the marks alleged in the Complaint.

20     36.   Plaintiff's claims for relief stated are barred in whole or in part by the

21  doctrine of waiver.

22     37.   Plaintiff's claims for relief are barred in whole or in part by Plaintiff's

23  consent.

24     38.   The alleged acts or omissions of defendants were either privileged and/or

25  justified.  To the extent that Plaintiff and defendants or their predecessors have ever

26  competed, they had a right to engage in fair competition with Plaintiff.

27     39.   Plaintiff has participated in advertising links in connection with infringing

28  domain names. Plaintiff pays registrants for its use of purportedly deceptive domain

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

Page 15
ANSWER TO COMPLAINT AND COUNTERCLAIMS          Case No. 3:09-CV-03528 PJH

names, provides domain performance reporting, participates in the testing of domain names, uses semantics technology to analyze the meaning of domain names and select revenue maximizing advertisements and controls and maintains that advertising. Plaintiff or its affiliates also began selling off its own websites shortly before it initiated this action, e.g., by selling www.contests.com for $380,000.  Defendants are informed and believe that Plaintiff wishes to acquire other websites by force and resell them at a substantial profit and is engaging in Reverse Domain Name Hijacking. Shortly before it filed this action, Plaintiff offered buy www.flicker.com and pay defendants $100,000 or to allow Defendants to keep www.flicker.com if they paid Plaintiff $100,000.  Plaintiff threatened defendants with aggressive litigation if defendants did not comply with Plaintiff's demand.  Plaintiff is estopped to pursue its claims in this case and has unclean hands, and is barred for these and other reasons from maintaining this action.

40.    Plaintiff has engaged in illegal Reverse Domain Name Hijacking and has unclean hands for this reason.

41.    Plaintiff's trademark registration is unenforceable due to trademark misuse, in that Plaintiff is attempting unlawfully to extend the reach of the trademark to plainly non-infringing uses, with the intent to monopolize in violation of Section 2 of the Sherman Act.

42.    Plaintiff's trademark registrations are invalid because of its fraud on the U.S. Patent and Trademark Office ("PTO") because, among other reasons, Plaintiff knew of defendants' or its predecessor's use and did not disclose it to the PTO, as alleged in the answer and in the Counterclaims.

43.    Plaintiff lacks standing to assert the rights alleged in the Complaint and Plaintiff failed to join one or more indispensable  or necessary parties.

44.    Plaintiff's purported claims for relief stated therein are barred in whole as a result of its failure to mitigate its damages, if any.

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

Page 16
ANSWER TO COMPLAINT AND COUNTERCLAIMS        Case No. 3:09-CV-03528 PJH

45.     As to some or all of Plaintiff's claims, damages are not an available remedy.

46.     Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the allegations in the Complaint.  Accordingly, Defendants expressly reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

## COUNTERCLAIMS

47.     Defendants ("Defendants" and/or "Counterclaimants") assert herein claims against Plaintiff Yahoo! Inc. ("Yahoo!") and incorporate in each of their counterclaims each and every paragraph of their answer and affirmative defenses herein as though full set forth.

48.     This Court has original jurisdiction of the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a), and the counterclaims grow out of the same subject matter as the original action and are related thereto.  Jurisdiction over the counterclaims exists, *inter alia*, under 15 U.S.C. § 1121 and 28 U.S.C. § 1367(a).

49.     This Court also has original jurisdiction of the counterclaims in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are of diverse citizenship; thereby conferring original jurisdiction under 28 U.S.C. § 1332(a).

## FIRST CLAIM FOR RELIEF

### Cancellation of Trademark Registration

50.     Defendants reallege and reincorporate herein by this reference each and every one of the allegations contained in ¶¶ 1-29, inclusive, of the Answer and ¶¶ 1-49, inclusive, of the Affirmative Defenses as though fully set forth herein.

51.     At the time of Plaintiff's May 10, 2005 application for U.S. Trademark Registration for the FLICKR mark, later registered with the PTO for U.S. Reg. No. 3,455,275 ("Registration"), Defendants are informed and believe that Yahoo! was well

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

Page 17
ANSWER TO COMPLAINT AND COUNTERCLAIMS          Case No. 3:09-CV-03528 PJH

1   aware of defendants' and other uses of Flicker and that such use was senior and prior

2   to Yahoo!'s use, yet signed declarations, under penalty of perjury, under 18 U.S.C.

3   §1001, stating that it was the owner of the mark sought to be registered and that it

4   believed applicant to be entitled to use such mark in commerce; and that to the best of

5   its knowledge and belief no other person, firm, corporation, or association has the right

6   to use the mark in commerce, either in the identical form thereof or in such near

7   resemblance thereto as to be likely, when used on or in connection with the

8   goods/services of such other person, to cause confusion, or to cause mistake, or to

9   deceive.

10      52.     Defendants are informed and believe that Yahoo! willfully, intentionally,

11   and deliberately withheld that information from the PTO and knew that its declaration

12   was false and fraudulent and that it had been aware of the rights of defendants and

13   others but intentionally and willfully failed to notify the PTO of those uses and/or

14   rights.

15      53.     The PTO relied on the false and fraudulent statements made by Yahoo! in

16   the above trademark application/registration and issued the Registration based on such

17   reliance.

18      54.     This Court should enter an order declaring that the Registration resulting

19   therefrom is void and that the existing registrations shall be canceled forthwith.

20                          **SECOND CLAIM FOR RELIEF**

21                      **Unfair Competition/Unfair Trade Practices**

22      55.     Defendants reallege and reincorporate herein by this reference each and

23   every one of the allegations contained in ¶¶ 1-29, inclusive, of the Answer and ¶¶ 1-49,

24   inclusive, of the Affirmative Defenses, and ¶¶ 51-54, inclusive, of the Counterclaims

25   as though fully set forth herein.

26      56.     By committing the acts as set forth above, Yahoo! has engaged reverse

27   domain name hijacking and in unfair trade practices and unfair competition in violation

28   of California law.  Such unfair competition and unfair trade practices are detrimental

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

**ANSWER TO COMPLAINT AND COUNTERCLAIMS        Case No. 3:09-CV-03528 PJH**

and damaging to consumers and, defendants have no adequate remedy at law, and Yahoo!'s conduct will continue unless preliminarily and permanently enjoined and restrained by this Court.

WHEREFORE, Defendants/counterclaimants pray for judgment as follows:

1.   That Plaintiff take nothing by its complaint, and that this action be dismissed with prejudice;

2.   For an injunction preventing Plaintiff/counter-defendant from diverting Internet users looking for defendants' website or unfairly competing;

3.   For an order declaring that Plaintiff's Registrations is void and Registration cancelled;

4.   For an award of restitution and disgorgement of monies received by Plaintiff/counter-defendant as a result of its unfair competition;

5.   For Defendants' litigation expenses, including reasonable attorneys' fees;

6.   For an order cancelling Plaintiff/counter-defendant's U.S. trademark Registration;

7.   For Defendants' costs of suit; and

8.   For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants' hereby request a trial by jury on all issues triable of right by a jury.

Dated: September 18, 2009                    Respectfully submitted,

ROBERT M. VANTRESS
VANTRESS LAW GROUP

By:   _____/s/_____
Robert M. Vantress,
Attorneys for Defendants

Vantress
Law Group
4820 Harwood Rd.
2d Floor
San Jose, CA 95124
(408) 905-6501

ANSWER TO COMPLAINT AND COUNTERCLAIMS          Case No. 3:09-CV-03528 PJH