Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:   (650) 849-6600
Facsimile:    (650) 849-6666

Attorneys for Plaintiff
YAHOO! INC.

*(Additional counsel listed on signature page.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YAHOO! INC., <br><br> Plaintiff, <br><br> v. <br><br> ASHANTIPLC LIMITED, ALIZA SARID, and KISHOE BHAVNANIE, <br><br> Defendants. | Case No. 3:09-cv-03528-PJH <br><br> **PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Yahoo! Inc. ("Yahoo!"), through its attorneys, hereby answers Defendants Ashantiplc Limited, Aliza Sarid, and Kishore Bhavnanie's (collectively, "Defendants") counterclaims.  Yahoo! notes that Defendants have incorporated by reference into each of their counterclaims "each and every paragraph of their answer and affirmative defenses as though full[sic] set forth."  In Defendants' Answer, however, only Paragraphs 1-10 and Paragraphs 47-56 contain factual allegations that require a response from Yahoo!.  Accordingly, Yahoo! responds to only those paragraphs below.  To the extent that any of the other paragraphs of  Defendants' Answer are

1  deemed to contain additional factual allegations to which a response from Yahoo! is required,
2  Yahoo! denies all such allegations.

### DEFENDANTS' FACTUAL ALLEGATIONS

4  1. Responding to Paragraph 1 of Defendants' Answer, Yahoo! admits that there is a
5  legitimate business in owning, selling, trading, and exploiting domain names, provided that such
6  activities do not violate the intellectual property rights of others and are otherwise lawful.  Yahoo!
7  denies, however, that Defendants' registration and use of the infringing FLICKER.COM domain
8  name constituted a lawful or legitimate business.  Yahoo! also admits that some domain names can
9  be valuable, and that there are certain tribunals, including the Court presiding over this case, that
10 oversee disputes over ownership interests in domain names.  Yahoo! denies, however, that the
11 UDRP is a tribunal that oversees such disputes, and that Yahoo! has foregone a resolution before
12 this purported tribunal.  Yahoo! denies that "the Internet community and domain name registration
13 services have, for years, adopted and followed rules allowing the first to register a domain name the
14 right to keep and use or transfer that domain name to others" where, as here, such registration and
15 use violates the intellectual property rights of others.  Yahoo! denies that the UDRP has made the
16 rulings alleged by Defendants, as the UDRP is not a tribunal.  Yahoo! is without knowledge and
17 information sufficient to form a belief as to the truth or falsity of the remaining allegations in
18 Paragraph 1, and therefore denies them.

19 2. Responding to Paragraph 2 of Defendants' Answer, Yahoo! admits that some
20 domain names can be very valuable and sell for very high prices.  Yahoo! also admits that there is
21 a legitimate business in buying, selling, and brokering domain names, provided that such activities
22 do not violate the intellectual property rights of others and are otherwise lawful.  Defendants'
23 allegation in Paragraph 2 that there is a legitimate business in "advising" domain names is too
24 vague for Yahoo! to formulate a response.  Yahoo! denies that Defendants' registration and use
25 of the infringing FLICKER.COM domain name was lawful or legitimate.  Yahoo! is without
26 knowledge and information sufficient to form a belief as to the truth or falsity of the remaining
27 allegations in Paragraph 2, and therefore denies them.
28 / / /

3.     Responding to Paragraph 3 of Defendants' Answer, Yahoo! admits that it has purchased and sold domain names that do not violate the intellectual property rights of others. Yahoo! admits that it purchased the domain name OMG.COM for $80,000. Yahoo! is still investigating the truth or falsity of the allegation that it sold the domain name YOYO.COM to Defendant Ashantiplc Limited in 2004 for $55,000, and therefore denies this allegation at this time. Yahoo! is without knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3, and therefore denies them.

4.     Yahoo! is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4, and therefore denies them.

5.     Responding to Paragraph 5 of Defendants' Answer, Yahoo! is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations that FLICKER.COM "was launched on May 07, 1998 and registered as a domain name on July 5, 1998, and used more than five years before "FLICK'R" was conceived in 2004." Accordingly, Yahoo! denies these allegations. Yahoo! admits that Stewart Butterfield and Caterina Fake co-founded the FLICKR business. Yahoo! admits it has been reported in the media that the founders of the FLICKR business stated that they chose the name FLICKR after learning that the FLICKER.COM domain name was already registered to a third party. Yahoo! is still investigating the truth or falsity of the allegation that the the FLICKR co-founders have "stated publicly that they were happy that they didn't get www.flicker.com," and therefore denies this allegation at this time. Yahoo! denies that "Plaintiff or its predecessors were aware of this use because they chose the name "FLICK'R" because www.flicker.com was not available." Yahoo! denies that its claimed first use date for the FLICKR mark is February 24, 2004, and denies that this date was "years after Defendants adopted it." Yahoo! admits that it did not disclose Defendants' use of the FLICKER.COM domain name in its application to register the FLICKR mark at the United States Patent and Trademark Office ("PTO"), which later matured to Registration No. 3,455,275, but Yahoo! notes that Defendants have admitted they had not or used registered the FLICKER.COM domain name at the time Yahoo! filed its application for the FLICKR mark and Yahoo! denies that there was an obligation to disclose the FLICKER.COM domain name to the PTO. Yahoo! denies that prior registrants of the

1  FLICKER.COM domain name are "Defendants' predecessors" to the extent that the use of
2  "predecessors" means predecessors in interest or otherwise suggests any transfer of rights between
3  these prior registrants and Defendants in or to the FLICKER.COM domain name other than the
4  domain name itself.  Yahoo! is without knowledge and information sufficient to form a belief as
5  to the truth or falsity of the remaining allegations in Paragraph 5, and therefore denies them.

6          6.      Responding to Paragraph 6 of Defendants' Answer, Yahoo! denies that "flicker" is
7  a domain name.  Yahoo! is without knowledge and information sufficient to form a belief as to
8  whether "the domain name "flicker" is a common dictionary word and is a well-known generic
9  term with several different meanings.  It means: (1) to move irregularly or unsteadily; (2) to burn
10 or shine fitfully or with a fluctuating light; (3) to appear briefly."  Accordingly, Yahoo! denies
11 these allegations.  Yahoo! is also without knowledge or information sufficient to form a belief as
12 to whether the "word flicker evokes scenarios associated with light and photography and suggests
13 movie projectors and old movies, or the light that "flickers" on a camera before the flash to prevent
14 red eye, or a bunch of flashbulbs going off  at once, like what you see near the red carpet at the
15 Academy Awards, or flames."  Thus, Yahoo! also denies these allegations.  Yahoo! denies that
16 FLICKR is not arbitrary, or coined, or distinctive.  Yahoo! also denies that FLICKR is generic or
17 merely descriptive.  Yahoo! admits that it has been reported in the media that Stewart Butterfield
18 stated "It's a little more distinctive than a generic name" in reference to the FLICKR name.  Yahoo!
19 denies that the value of the FLICKER.COM domain name comes from its "inherent social meaning,"
20 and not Yahoo!'s rights in the FLICKR mark.

21         7.      Responding to Paragraph 7 of Defendants' Answer, Yahoo! denies that Defendant
22 Ashantiplc registered and/or acquired the FLICKER.COM domain name in good faith and for
23 legitimate purposes in connection with the bona fide offering of goods and services.  Yahoo! denies
24 that prior registrants of the FLICKER.COM domain name are "Defendants' predecessors" to the
25 extent that the use of "predecessors" means predecessors in interest or otherwise suggests any
26 transfer of rights between these prior registrants and Defendants in or to the FLICKER.COM domain
27 name other than the domain name itself.  Yahoo! is without knowledge and information sufficient
28 / / /

to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7, and therefore denies them.

8. Responding to Paragraph 8 of Defendants' Answer, Yahoo! admits that, on information and belief, Defendants had knowledge of Plaintiff's use of the FLICKR mark for photo-sharing services when Defendants acquired the FLICKER.COM domain name and that Ashantiplc bought the FLICKER.COM domain name in 2006 for $55,000. Yahoo! denies that Defendants bought the FLICKER.COM domain name with the intent to use it for legitimate purposes and not with a bad-faith intent to profit from Yahoo!'s FLICKR mark. Yahoo! is without knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8, and therefore denies them.

9. Responding to Paragraph 9 of Defendants' Answer, Yahoo! denies that its claimed use of FLICKR is limited to online or web-based photo-sharing. Yahoo! admits that its FLICKR website competes with Google's "Picasa" website. Yahoo! admits that its Registration No. 3455275 for the FLICKR mark covers: Computer software for use in database management; computer software for uploading, manipulating, and enhancing digital content, documents, photographs, images, video, and audio; computer software for linking metadata tags with photographic and other media files to enable search engine retrieval and database software collections of files and their on-line sharing, and for linking metadata tags with web pages visited, to create links which users can maintain for themselves and share with on-line groups and website tagging, in Class 9; Communication services by electronic computer terminals and cell phones; telecommunication services by e-mail electronic mail services; electronic transmission of messages, images, and via computer terminals and cell phones; providing online forums for discussion and electronic bulletin/message boards for transmission of messages among users in the field of general interest; providing on-line electronic bulletin boards for transmission of messages among computer users concerning personal photographs, in Class 38; Electronic storage of digital content including text, photographs, images, video, and audio, in Class 39; Digital enhancement of photographs; alteration and/or retouching of photographic images, in Class 40; and Online journals, namely, blogs

/ / /

1    concerning topics of general interest to the blogger; photography services; providing information
2    in the field of photography, in Class 41.
3        10.    Responding to Paragraph 10 of Defendants' Answer (i.e., the tenth numbered
4    paragraph of Defendants' Answer and not the twelfth numbered paragraph of Defendants' Answer,
5    which is erroneously numbered "Paragraph 10"), Yahoo! denies that its rights in the FLICKR mark
6    "extend only to uses for uploading an sharing of photographic images; not all uses in all contexts
7    relating to photography." In response to the purported case citation in Paragraph 10, Yahoo! asserts
8    that it contains no factual allegations and thus no response is required. Yahoo! is without knowledge
9    and information sufficient to form a belief as to the truth or falsity of the remaining allegations in
10   Paragraph 10, and therefore denies them.
11   <u>DEFENDANTS' COUNTERCLAIMS</u>
12       47.    Responding to Paragraph 47 of Defendants' counterclaims, Yahoo! realleges and
13   incorporates by reference the opening paragraph of this Answer and each of the responses contained
14   in Paragraphs 1 through 10 of this Answer, as though fully set forth herein.
15       48.    Yahoo! admits the allegations in Paragraph 48 of Defendants' counterclaims.
16       49.    Yahoo! admits the allegations in Paragraph 49 of Defendants' counterclaims.
17   <u>DEFENDANTS' FIRST CLAIM FOR RELIEF</u>
18   Cancellation of Trademark Registration
19       50.    Responding to Paragraph 50 of Defendants' counterclaims, Yahoo! realleges and
20   incorporates by reference the opening paragraph of this Answer and each of the responses contained
21   in Paragraphs 1 through 10, and Paragraphs 47-49 of this Answer as though fully set forth herein.
22       51.    Yahoo! denies the allegations in Paragraph 51 of Defendants' counterclaims.
23       52.    Yahoo! denies the allegations in Paragraph 52 of Defendants' counterclaims.
24       53.    Yahoo! denies the allegations in Paragraph 53 of Defendants' counterclaims.
25       54.    Yahoo! asserts that Paragraph 54 of Defendants' counterclaims contains no factual
26   allegations, and thus requires no response from Yahoo!.
27   / / /
28   / / /

## DEFENDANTS' SECOND CLAIM FOR RELIEF

### Unfair Competition/Unfair Trade Practices

55. Responding to Paragraph 55 of Defendants' counterclaims, Yahoo! realleges and incorporates by reference the opening paragraph of this Answer and each of the responses contained in Paragraphs 1 through 10, and Paragraphs 47-54 of this Answer as though fully set forth herein.

56. Yahoo! denies the allegations in Paragraph 56 of Defendants' counterclaims.

57. Yahoo! denies the balance and remainder of all of the allegations contained in all paragraphs, counts, and sub-parts of Defendants' counterclaims and related thereto, including any and all demands for judgment or relief asserted, that are not expressly admitted.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Yahoo! respectfully requests that the relief requested by Defendants in Paragraphs 1-8 of Defendants' prayer for relief be denied.

## YAHOO!'S AFFIRMATIVE DEFENSES

1. Defendants' counterclaims fail to state a claim upon which relief may be granted.

2. Defendants lack standing to assert their counterclaims.

3. Defendants' counterclaims are barred in whole or in part by laches, acquiescence, waiver, and/or estoppel.

4. Defendants' counterclaims are barred by the doctrine of unclean hands.

5. Defendants' counterclaims are barred in whole or in part by the statute of limitations.

6. Yahoo! reserves all other affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Lanham Act, and any other defenses at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

WHEREFORE, Yahoo! prays for judgment against Defendants on each of their counterclaims and that:

    a. Defendants' counterclaims be dismissed in their entirety with prejudice;

    b. Judgment be entered in favor of Yahoo! and against Defendants on their counterclaims;

| | | |
|---|---|---|
| | c. | Defendants be denied all relief requested in their counterclaims; |
| | d. | Yahoo! be awarded its attorneys' fees, costs, and expenses in connection with defending against Defendants' counterclaims; and |
| | e. | The Court award Yahoo! such further relief as it may deem just and proper. |

Dated: October 8, 2009

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: _____/s/ Scott R. Mosko_____
Scott R. Mosko

Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Attorneys for Plaintiff
YAHOO! INC.

*Of Counsel:*

David M. Kelly
Stephanie H. Bald
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Jonathan Matkowsky
jdm@yahoo-inc.com
Registered In-House Counsel
(California Bar Registration No. 800937)
Legal Director, Global Brand Protection
YAHOO! INC.
701 First Avenue
Sunnyvale, California 94089
Telephone: (408) 349-7317
Facsimile: (408) 349-3400

1

**DEMAND FOR JURY TRIAL**

2   Plaintiff hereby reiterates its demand for a trial by jury to decide all issues so triable in this

3   case, including on Defendants' counterclaims.

4

5   Dated:  October 8, 2009

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.

6

7

By:_____/s/  Scott R. Mosko_____

8                    Scott R. Mosko

9   Stanford Research Park
10  3300 Hillview Avenue
    Palo Alto, California  94304-1203
11  Telephone:   (650) 849-6600
    Facsimile:   (650) 849-6666

12
    Attorneys for Plaintiff
13  YAHOO! INC.

14  *Of Counsel:*

15  David M. Kelly
    Stephanie H. Bald
16  FINNEGAN, HENDERSON, FARABOW,
      GARRETT & DUNNER, L.L.P.
17  901 New York Avenue, N.W.
    Washington, D.C.  20001-4413
18  Telephone:   (202) 408-4000
    Facsimile:   (202) 408-4400
19
    Jonathan Matkowsky
20  jdm@yahoo-inc.com
    Registered In-House Counsel
21  (California Bar Registration No. 800937)
    Legal Director, Global Brand Protection
22  YAHOO! INC.
    701 First Avenue
23  Sunnyvale, California  94089
    Telephone:   (408) 349-7317
24  Facsimile:   (408) 349-3400

25

26

27

28